IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BETZAIDA CRUZ-SANTIAGO, et al.,

       Plaintiffs

          v.

ÁNGEL ÁLVAREZ-BONETA, et al.,

       Defendants

CIVIL NO. 08-1311 (JP)

## OPINION AND ORDER

Before the Court is a motion to dismiss (No. 77) filed by Defendants Alexis Quiñones-Ortiz, Carlos N. Candelario-García, Edwin Meléndez-Irizarry, Eliezer Cosme-González, Enjolras E. Alicea-Cintrón, Gaspar Pellicier-Bahamundi, Jesús Fraticelli-Arroyo, José A. Ponce de León-Cosme, Keila D. Santana-Feliciano, Roberto Torres-Rivera, Rolando Roldán-Morales, and Víctor Castro-Santiago, in their personal capacities (collectively, the "Appearing Defendants"). This motion is not opposed by Plaintiffs. Plaintiffs filed the instant lawsuit pursuant to 42 U.S.C. § 1983 ("Section 1983") for violations of their Fourth and Fourteenth Amendment rights for injuries allegedly caused by Defendants' excessive use of force. Plaintiffs also bring supplemental claims pursuant to the Constitution of the Commonwealth of Puerto Rico and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141.

CIVIL NO. 08-1311 (JP)              -2-

The Appearing Defendants move the Court to dismiss Plaintiffs' complaint for lack of personal involvement or supervisory liability. For the reasons stated herein, the Appearing Defendants motion **(No. 77)** is hereby **GRANTED IN PART AND DENIED IN PART.**

## I.   <u>FACTUAL ALLEGATIONS</u>

On March 17, 2007, at approximately 10:30 p.m., Plaintiff Betzaida Cruz Santiago ("Betzaida"), age thirty nine, was walking home with her daughter, Plaintiff Luz Cecilia Esmuria Cruz ("Luz"), in the Aguilita Ward in Juana Díaz, Puerto Rico, when members of the Ponce Tactical Operations Unit (the "Ponce Police") stormed into the neighborhood and began spraying pepper gas.  The Ponce Police had been called to the neighborhood to make an arrest (the arrested individual is not a party to this lawsuit).  Plaintiffs Betzaida and Luz were almost at their home when the Ponce Police prevented their passage.  Plaintiffs claim that Defendant Officer Ramón Negrón-Morales ("Negrón") threw Plaintiff Luz to the ground without provocation.  When Plaintiff Betzaida asked Defendant Negrón why he threw her daughter to the ground, he allegedly struck Plaintiff Betzaida with his club.  This caused her to fall to the ground and fracture her left leg.  When Plaintiff Betzaida tried to get up, Defendant Negrón allegedly hit her twice more with the club. Plaintiffs allege that the Appearing Defendants, who by this time had

CIVIL NO. 08-1311 (JP)          -3-

formed a human line for riot control purposes, failed to prevent Defendant Negrón from beating Plaintiff Betzaida.

After Defendant Negrón struck Plaintiff Betzaida for the third time, some of the Appearing Defendants removed Defendant Negrón from Betzaida's proximity and eventually escorted him away from the scene in a marked police car. Plaintiff Betzaida's other children tried to help her up from the ground, but the Ponce Police allegedly prevented them from intervening at first.  Defendant Freddy Rosario García[1] eventually assisted Plaintiff Betzaida and allowed Plaintiff Luz to approach her mother to provide assistance.

The Appearing Defendants allege that Plaintiffs Betzaida and Luz had appeared from behind the human line formed by the Ponce Police, including the Appearing Defendants, and began throwing bottles at the officers and shouting expletives.  The Appearing Defendants assert that Eliezer Cosme-González ("Cosme") was the intervening officer who approached Plaintiff Betzaida, not Defendant Negrón as alleged by Plaintiffs.  A clear factual discrepancy exists as to the identity of the Defendant who allegedly struck Plaintiff Betzaida.  Further, the Appearing Defendants claim that Plaintiff Betzaida grabbed Defendant Cosme's police club and placed all of her weight on said club, which subsequently caused her to fall to the ground.  The

---

1.   The Court notes that Defendant Rosario is not one of the Appearing Defendants for the purpose of this Opinion and Order.

CIVIL NO. 08-1311 (JP)          -4-

Appearing Defendants allege that Plaintiff Betzaida was allegedly drunk at the time of the incidents giving rise to this lawsuit.

## II.  <u>LEGAL STANDARD FOR A MOTION TO DISMISS</u>

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. <u>Id.</u> at 1974. The First Circuit has interpreted <u>Twombly</u> as sounding the death knell for the oft-quoted language of <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Rodriguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 94-95 (1st Cir. 2007), quoting <u>Twombly</u>, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 997 (1st Cir. 1992).

## III. <u>ANALYSIS</u>

The Appearing Defendants argue that the complaint against them should be dismissed because Plaintiffs fail to state a claim of

CIVIL NO. 08-1311 (JP)          -5-

personal involvement or supervisory liability pursuant to Section 1983. The Court will now consider the Appearing Defendants' arguments.

### A. __Failure to State a Claim under Section 1983 for Lack of Personal Involvement__

Section 1983 provides a procedural mechanism for enforcing federal constitutional or statutory rights. See <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994). In order to prevail on a Section 1983 claim, a plaintiff must demonstrate that the defendant (1) acted under color of state law and (2) deprived him of the identified federal right. See <u>Cepero Rivera v. Fagundo</u>, 414 F.3d 124, 129 (1st Cir. 2005) (quoting <u>Romero Barceló v. Hernández Agosto</u>, 75 F.3d 23, 32 (1st Cir. 1996)). Puerto Rico is considered a state for Section 1983 purposes. <u>Rivera-Lugaro v. Rullán</u>, 500 F. Supp. 2d 28, 39 (D.P.R. 2007).

### 1. __Personal Involvement__[2]

Under Section 1983, liability in damages can only be imposed upon officials who were involved personally in the deprivation of constitutional rights. <u>Pinto v. Nettleship</u>, 737 F.2d 130, 132 (1st Cir. 1984) (citing <u>Kostka v. Hogg</u>, 560 F.2d 37, 40 (1st Cir. 1977)). A plaintiff must demonstrate personal involvement

---

2.   Given the factual dispute regarding Defendant Cosme, who is one of the Appearing Defendants, the complaint against him will be considered in a separate section of this Opinion and Order, and all references to the Appearing Defendants in this section do not include references to Defendant Cosme.

CIVIL NO. 08-1311 (JP)          -6-

by showing an affirmative link between the deprivation of a
plaintiff's rights and the defendant's conduct. See Aponte-Matos v.
Toledo-Dávila, 135 F.3d 182, 192 (1st Cir. 1998). "That affirmative
link must amount to 'supervisory encouragement, condonation or
acquiescence, or gross negligence amounting to deliberate
indifference.'" Aponte-Matos, 135 F.3d at 192 (quoting Lipsett v.
Univ. of P.R., 864 F.2d 881, 902 (1st Cir. 1998)).

     The mere fact that an officer is present at the site of an
incident does not automatically demonstrate that he or she was
personally involved in a Section 1983 violation. See Ramos Bonilla
v. Vivoni, 259 F. Supp. 2d 135, 143 (D.P.R. 2003). However, the
United States Court of Appeals for the First Circuit has recognized
that a police officer can be liable for failure to intervene when
another officer uses excessive force, even if said officer was not
personally involved in the attack. Gaudreault v. Salem,
923 F.2d 203, 207, n.3 (1st Cir. 1990). Specifically, an officer who
is present at the scene and who fails to take reasonable steps to
protect the victim of another officer's use of excessive force can
be held liable under Section 1983 for his nonfeasance as long as the
officer had a realistic opportunity to prevent an attack. Id.; see
also Martínez v. Colón, 54 F.3d 980, 985 (1st Cir. 1995) (describing
constitutional duty to intervene to protect against excessive force);
Calvi v. Knox County, 470 F.3d 422, 428 (1st Cir. 2006) (stating that

CIVIL NO. 08-1311 (JP)          -7-

a bystander officer who has a realistic opportunity to prevent the use of excessive force by a fellow officer may in certain circumstances be held liable for his failure to intervene).

The Appearing Defendants argue that they were not personally involved in the assault upon Plaintiff Betzaida and therefore the Section 1983 claims against them should be dismissed.  The Court agrees.  The only specific allegation of personal involvement in the complaint is that the Appearing Defendants were present at the scene when Plaintiff Betzaida was allegedly assaulted by Officer Negrón. Compl. ¶ 9.  The Court finds that Plaintiffs' mere allegations that the Appearing Defendants were among the officers who conducted the raid and remained in the human line, without more, is not sufficient to establish the level of personal involvement required by Section 1983.

Further, to be held liable under Section 1983 for failure to intervene, the Appearing Defendants must have been in a position were they knew an unreasonable excessive force was being used against Plaintiffs and had a realistic opportunity to intervene.  Plaintiffs do not allege or assert facts to establish that Appearing Defendants had a reasonable opportunity to intervene or that they were in such a position to affect the conduct of the officer that allegedly assaulted Plaintiff Betzaida. Specifically, the Appearing Defendants had formed a human line to control the riotous conditions that

CIVIL NO. 08-1311 (JP)          -8-

existed.   Even if the Appearing Defendants were in a physical
proximity that would have allowed them to act promptly, the breaking
of the human line could have placed the Ponce Police at a
disadvantageous and dangerous position among the alleged rioters.
There is no evidence on the record demonstrating that the alleged
assault upon Plaintiff Betzaida lasted for any lengthy duration of
time.   As such, Plaintiffs have failed to show that Defendants had
a realistic temporal opportunity to intervene.   Plaintiffs'
allegations, assumed to be true, are insufficient to make out a claim
for failure to intervene under Section 1983.   Therefore, the Court
**GRANTS** the Appearing Defendants' motion to dismiss the complaint as
to Defendants Alexis Quiñones-Ortiz, Carlos N. Candelario-García,
Edwin Meléndez-Irizarry, Enjolras E. Alicea-Cintrón, Gaspar
Pellicier-Bahamundi, Jesús Fraticelli-Arroyo, José A. Ponce
de León-Cosme, Keila D. Santana-Feliciano, Roberto Torres-Rivera,
Rolando Roldán-Morales, and Víctor Castro-Santiago.

### 2.   Supervisory Liability

The Court will now briefly address the Appearing Defendants'
argument that Plaintiffs failed to allege supervisory liability
against them.   Supervisory liability attaches only if a plaintiff can
demonstrate, with admissible evidence, an affirmative link between
the supervisor's conduct and the underlying Section 1983 violation.

CIVIL NO. 08-1311 (JP)          -9-

Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 583 (1st Cir. 1994).

     A close reading of the complaint reveals that Plaintiffs only allege supervisory liability claims against Defendants Angel Alvarez-Boneta and Freddy Rosario-Garcia, who are not among the Appearing Defendants who filed the instant motion to dismiss. Plaintiffs' claims against Defendants Angel Alvarez-Boneta and Freddy Rosario-Garcia were addressed in a previous Opinion and Order (No. 62).  Having found that the Appearing Defendants did not hold supervisory positions at any time relevant to the complaint, the Court finds the Appearing Defendants' argument regarding supervisory liability to be moot.

### 3. Defendant Cosme

     As explained above, Plaintiffs allege in their complaint that Defendant Negrón was the officer who intervened with, and assaulted, Plaintiff Betzaida.  The Court notes that there is a discrepancy between the complaint and Defendants' alleged facts, which show that Defendant Cosme was the officer directly involved in the incident with Plaintiff Betzaida, as opposed to Defendant Negrón.  Given this factual discrepancy, the Court declines to dismiss the claim against Defendant Cosme until further factual evidence clarifies whether Defendant Negrón or Defendant Cosme intervened with Plaintiff Betzaida.  Accordingly, the Court **DENIES** the Appearing Defendants' motion as to Defendant Cosme only.

CIVIL NO. 08-1311 (JP)          -10-

**B.   Puerto Rico Law Claims**

Plaintiffs filed supplemental claims pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code and the Constitution of the Commonwealth of Puerto Rico.  Having dismissed the federal claims against Defendants Alexis Quiñones Ortiz, Carlos N. Candelario-García, Edwin Meléndez-Irizarry, Enjolras E. Alicea-Cintrón, Gaspar Pellicier-Bahamundi, Jesús Fraticelli-Arroyo, José A. Ponce de León-Cosme, Keila D. Santana-Feliciano, Roberto Torres-Rivera, Rolando Roldán-Morales, and Víctor Castro-Santiago in this case, the Court declines to exercise jurisdiction over the Puerto Rico law claims against said Defendants, and will enter judgment dismissing those claims without prejudice.  See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) ("[t]he power of a federal court to hear and determine state law claims in non-diversity cases depends upon the presence of at least one substantial federal claim in the lawsuit").

**IV.   CONCLUSION**

In conclusion, the Court **GRANTS IN PART AND DENIES IN PART** the Appearing Defendants' motion to dismiss.  The Court will enter a separate judgment dismissing with prejudice the federal claims against Defendants Alexis Quiñones Ortiz, Carlos N. Candelario-García, Edwin Meléndez-Irizarry, Enjolras E. Alicea-Cintrón, Gaspar Pellicier-Bahamundi, Jesús Fraticelli-Arroyo,

CIVIL NO. 08-1311 (JP)            -11-

José A. Ponce de León-Cosme, Keila D. Santana-Feliciano, Roberto Torres-Rivera, Rolando Roldán-Morales, and Víctor Castro-Santiago, and dismissing the Puerto Rico law claims against said Defendants without prejudice.  Plaintiffs' complaint against Defendant Eliezer Cosme-González remains pending before Court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of March, 2009.


                                        s/Jaime Pieras, Jr.
                                        JAIME PIERAS, JR.
                                   U.S. SENIOR DISTRICT JUDGE