IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BETZAIDA CRUZ-SANTIAGO, et al.,<br><br>    Plaintiffs<br><br>    v.<br><br>ÁNGEL ÁLVAREZ-BONETA, et al.,<br><br>    Defendants | CIVIL NO. 08-1311 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiffs' motion for reconsideration **(No. 88)** of the Court's Opinion and Order (No. 86) and Partial Judgment (No. 87) of March 9, 2009, which dismissed with prejudice Plaintiffs' claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants Alexis Quiñones-Ortiz, Carlos N. Candelario-García, Edwin Meléndez-Irizarry, Enjolras E. Alicea-Cintrón, Gaspar Pellicier-Bahamundi, Jesús Fraticelli-Arroyo, José A. Ponce de León-Cosme, Keila D. Santana-Feliciano, Roberto Torres-Rivera, Rolando Roldán-Morales, and Víctor Castro-Santiago (the "Appearing Defendants"). Also before the Court is the Appearing Defendants' opposition (No. 89) to Plaintiffs' motion for reconsideration. For the reasons stated herein, Plaintiffs' motion is hereby **DENIED**.

CIVIL NO. 08-1311 (JP)          -2-

## I. **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs filed the instant lawsuit for alleged violations of their Fourth and Fourteenth Amendment rights pursuant to Section 1983 for injuries allegedly caused by excessive force exercised by Defendants. Plaintiffs also brought supplementary claims under Puerto Rico law. A second amended complaint was filed on September 17, 2008 (No. 35), to include the Appearing Defendants.

Defendants Angel Álvarez-Boneta ("Álvarez") and Freddy Rosario-García ("Rosario") moved the Court to dismiss the claims against them in their official and personal capacities (No. 17). On November 6, 2008, the Court granted in part and denied in part said motion to dismiss (No. 62). Specifically, the Court dismissed the official capacity claims against Álvarez and Rosario on Eleventh Amendment immunity grounds, and dismissed Plaintiff's Fourteenth Amendment claims in their entirety. The Court specifically held that Plaintiffs had met their burden of "stat[ing] a claim of supervisory liability under Section 1983 at this stage of the litigation" in relation to Defendants Álvarez and Rosario. The Court subsequently granted motions for joinder filed by the Appearing Defendants, and applied the same holding to said Defendants (Nos. 64 and 67).

On December 19, 2008, the Appearing Defendants moved to dismiss the complaint on the grounds of lack of personal involvement, in addition to lack of supervisory liability. This motion was not opposed by Plaintiffs. The Court entered a Partial Judgment on

CIVIL NO. 08-1311 (JP)            -3-

March 3, 2009 (No. 87), dismissing Plaintiffs' complaint against the Appearing Defendants for a lack of personal involvement. Plaintiffs now move for reconsideration, asking the Court to vacate its Partial Judgment.

## II. <u>STANDARD OF REVIEW FOR A MOTION FOR RECONSIDERATION</u>

Rule 59(e) of the Federal Rules of Civil Procedure allows a party, within ten days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. <u>Venegas-Hernández v. Sonolux Records</u>, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. <u>Id.</u> (citing <u>Edward H. Bolin Co. v. Banning Co.</u>, 6 F.3d 350, 355 (5th Cir. 1993)). Despite the lack of specific guidance by the rule on that point, the United States Court of Appeals for the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." <u>F.D.I.C. v. World Univ., Inc.</u>, 978 F.2d 10, 16 (1st Cir. 1992) (citing <u>Fed. Deposit Ins. Corp. v. Meyer</u>, 781 F.2d 1260, 1268 (7th Cir. 1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal

CIVIL NO. 08-1311 (JP)          -4-

theories. <u>Bogosonian v. Woloohojian Realty Corp.</u>, 323 F.3d 55, 72 (1st Cir. 2003).

### III. **ANALYSIS**

Plaintiffs argue that, based on the doctrine of "the law of the case," the ruling applied originally to Defendants Álvarez and Rosario was made extensive to the Appearing Defendants by way of their respective motions for joinder (Nos. 60 and 65), and therefore the Court cannot dismiss Plaintiffs' complaint against the Appearing Defendants for lack of personal involvement. <u>See</u> <u>New England Power Company v. F.E.R.C.</u>, 533 F.3d 55, 59 (1st Cir. 2008).

The doctrine of the law of the case "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983). This rule of practice promotes finality and judicial efficiency by "protecting against the agitation of settled issues." <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816 (1988) (quotation omitted). The law of the case doctrine directs a court's discretion, but it does not limit the tribunal's power. <u>Arizona</u>, 460 U.S. at 618 (citations omitted).

Plaintiffs' application of the doctrine of the law of the case to this case is unavailing. Although the Court originally decided that Plaintiffs had pled facts sufficient to state a claim of supervisory liability, the Court did not closely consider the theory of personal involvement in rendering its original decision (No. 62).

CIVIL NO. 08-1311 (JP)              -5-

However, the Appearing Defendants then raised this theory in their second motion to dismiss, which Plaintiffs did not oppose. After carefully considering Plaintiffs' claims against the Appearing Defendants in the context of personal involvement and in light of the case-law on an officer's duty to intervene, the Court concluded that the Appearing Defendants could not be held liable for any damages sustained by Plaintiffs, even considering the facts in the light most favorable to Plaintiffs.

Further, although the Court extended its Opinion and Order (No. 62) to the Appearing Defendants, it is clear that while the Appearing Defendants were present at the scene of the incident giving rise to this lawsuit, they were not supervisors. As such, strictly applying that portion of the Court's Opinion and Order (No. 62) to the Appearing Defendants to the exclusion of other arguments regarding their involvement and liability would not be prudent.

## IV.  CONCLUSION

In conclusion, the Court **DENIES** Plaintiffs' motion for reconsideration.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of April, 2009.

                                        s/Jaime Pieras, Jr.
                                         JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE