IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BETZAIDA CRUZ-SANTIAGO, et al.,<br><br>    Plaintiffs<br><br>        v.<br><br>ÁNGEL ÁLVAREZ-BONETA, et al.,<br><br>    Defendants | CIVIL NO. 08-1311 (JP) |

**OPINION AND ORDER**

Before the Court is a motion for judgment on the pleadings (No. 96) filed by Defendants Ángel Álvarez-Boneta ("Álvarez") and Freddy Rosario-García ("Rosario") (collectively, the "Appearing Defendants") in their personal capacities. Also before the Court is Plaintiffs' opposition thereto (No. 99). Plaintiffs filed the instant lawsuit pursuant to 42 U.S.C. § 1983 ("Section 1983") for violations of their Fourth and Fourteenth Amendment rights for injuries allegedly caused by Defendants' excessive use of force. Plaintiffs also bring supplemental claims pursuant to the Constitution of the Commonwealth of Puerto Rico and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141.

The Appearing Defendants move the Court to enter judgment on the pleadings on their behalf on various grounds. For the reasons stated herein, the Appearing Defendants' motion **(No. 96)** is hereby **DENIED**.

CIVIL NO. 08-1311 (JP)          -2-

I.  **FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

On March 17, 2007, at approximately 10:30 p.m., Plaintiff Betzaida Cruz Santiago ("Betzaida"), age thirty nine, was walking home with her daughter, Plaintiff Luz Cecilia Esmuria-Cruz ("Luz"), in the Aguilita Ward in Juana Díaz, Puerto Rico, when members of the Ponce Tactical Operations Unit (the "Ponce Police") stormed into the neighborhood and began spraying pepper gas.  The Ponce Police had been called to the neighborhood to make an arrest (the arrested individual is not a party to this lawsuit).  Plaintiffs Betzaida and Luz were almost at their home when the Ponce Police prevented their passage.  Plaintiffs claim that Defendant Officer Ramón Negrón-Morales ("Negrón") threw Plaintiff Luz to the ground without provocation.[1]  When Plaintiff Betzaida asked Defendant Negrón why he threw her daughter to the ground, he allegedly struck Plaintiff Betzaida with his club.  This caused her to fall to the ground and fracture her left leg.  When Plaintiff Betzaida tried to get up, Defendant Negrón allegedly hit her twice more with the club.  Plaintiffs allege that Defendants, who by this time had formed a human line for riot control purposes, failed to prevent Defendant Negrón from beating Plaintiff Betzaida.

---

1.  Defendants contend that the actions attributed by Plaintiffs to Defendant Negrón were actually committed by Defendant Eliezer Cosme-González.  This factual dispute is irrelevant to the analysis contained in this Opinion and Order.

CIVIL NO. 08-1311 (JP)            -3-

After Defendant Negrón struck Plaintiff Betzaida for the third time, some of the Ponce Police removed Defendant Negrón from Betzaida's proximity and eventually escorted him away from the scene in a marked police car. Plaintiff Betzaida's other children tried to help her up from the ground, but the Ponce Police allegedly prevented them from intervening at first. Defendant Rosario eventually assisted Plaintiff Betzaida and allowed Plaintiff Luz to approach her mother to provide assistance.

Defendants allege that Plaintiffs Betzaida and Luz had appeared from behind the human line formed by the Ponce Police and began throwing bottles at the officers and shouting expletives. Further, Defendants claim that Plaintiff Betzaida grabbed Defendant Cosme's police club and placed all of her weight on said club, which subsequently caused her to fall to the ground. Defendants allege that Plaintiff Betzaida was allegedly drunk at the time of the incidents giving rise to this lawsuit.

The Appearing Defendants filed a motion to dismiss the claims against them (No. 17) earlier in this lawsuit. The Court entered an Opinion and Order on November 6, 2008 (No. 62), which granted in part and denied in part the Appearing Defendants' motion. Specifically, the Court dismissed the claims against the Appearing Defendants in their official capacities only, as well as the Fourteenth Amendment substantive due process claims brought pursuant to Section 1983.

CIVIL NO. 08-1311 (JP)            -4-

**II.   LEGAL STANDARD FOR A MOTION FOR JUDGMENT ON THE PLEADINGS**

The legal standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion to dismiss. MVM Inc. v. Rodríguez, 568 F. Supp. 2d 158, 167 (D.P.R. 2008) (citing Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005)). A Rule 12(c) motion, like a Rule 12(b)(6) motion, "does not allow for any resolution of contested facts; rather, a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 54 (1st Cir. 2006) (citing Rivera-Gómez v. De Castro, 843 F.2d 631, 635 (1st Cir. 1988)). A court must view the facts contained in the pleadings in the light most flattering to the non-moving party and draw all reasonable inferences therefrom in its favor. Id. (citing Rivera-Gómez, 843 F.2d at 635); Pasdon, 417 F.3d at 226.

To survive a Rule 12(c) motion, a complaint "must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true[.]'" Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). That is, plaintiffs must "nudge[] their claims across the line from conceivable to plausible[.]" Twombly, 127 S. Ct. at 1974.

CIVIL NO. 08-1311 (JP)          -5-

### III. **ANALYSIS**

The Appearing Defendants argue that the Court should enter judgment on the pleadings on their behalf on the following grounds: (1) Plaintiffs have failed to state a claim upon which relief can be granted under Section 1983, (2) lack of personal involvement as to the Appearing Defendants, (3) lack of supervisory liability, (4) qualified immunity, and (5) the supplemental claims should be dismissed in the absence of any prevailing federal claims. The Court will now consider the Appearing Defendants' arguments.

#### A.   **Supervisory Liability and Personal Involvement under Section 1983**

The Court will consider together the Appearing Defendants' arguments that Plaintiffs failed to state a Section 1983 claim for lack of personal involvement or supervisory liability.

Section 1983 provides a procedural mechanism for enforcing federal constitutional or statutory rights. See Albright v. Oliver, 510 U.S. 266, 271 (1994). In order to prevail on a Section 1983 claim, a plaintiff must demonstrate that the defendant (1) acted under color of state law and (2) deprived him of the identified federal right. See Cepero Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) (quoting Romero Barceló v. Hernández Agosto, 75 F.3d 23, 32 (1st Cir. 1996)). Puerto Rico is considered a state for Section 1983 purposes. Rivera-Lugaro v. Rullán, 500 F. Supp. 2d 28, 39 (D.P.R. 2007).

CIVIL NO. 08-1311 (JP)          -6-

### 1. *Supervisory Liability*

The Appearing Defendants argue that Plaintiffs have failed to state a claim of supervisory liability pursuant to Section 1983. The United States Court of Appeals for the First Circuit has held that supervisors may only be held liable under Section 1983 for their own acts or omissions. Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 48 (1st Cir. 1999). Supervisory liability can be grounded on either the supervisor's direct participation in the unconstitutional conduct, or through conduct that amounts to condonation or tacit authorization. See Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999). The First Circuit has held that a police officer who is present at the scene and who fails to take reasonable steps to protect the victim of another police officer's use of excessive force can be held liable under Section 1983 for his nonfeasance. Gaudreault v. Salem, 923 F.2d 203, 207 (1st Cir. 1990) (internal citations omitted).

In its prior Opinion and Order (No. 62), the Court considered whether Plaintiffs had sufficiently pled supervisory liability against the Appearing Defendants in light of the legal standard for a motion to dismiss, which is nearly identical to that for a motion for judgment on the pleadings. Specifically, the Court found that the Appearing Defendants were present at the scene when the alleged use of excessive force upon Plaintiffs took place, were supervisors of Defendant Negrón who initiated the excessive force used upon

CIVIL NO. 08-1311 (JP)            -7-

Plaintiff, and that said Defendants did not intervene. Specifically, Plaintiffs allege that Defendants Álvarez and Rosario failed to prevent another police officer, acting under their supervision and in their presence, from losing his composure and exercising excessive force against Plaintiff Betzaida.  Compl. ¶ 32. Plaintiffs allege that the Appearing Defendants demonstrated tacit authorization of the violation of Plaintiffs' constitutional rights by ignoring the police brutality that was taking place before them.  Compl. ¶ 31.

No further evidence has emerged in the record regarding the involvement of the Appearing Defendants since the Court entered its prior Opinion and Order (No. 62).  Without engaging in further unnecessary discussion given the standard of review involved for the instant motion, the Court reiterates its holding that Plaintiffs have met their burden of pleading supervisory liability on the part of the Appearing Defendants.

### 2.  *Personal Involvement*

The Appearing Defendants also argue that Plaintiffs have failed to demonstrate that the Appearing Defendants were personally involved in the events giving rise to this lawsuit. Under Section 1983, liability in damages can only be imposed upon officials who were involved personally in the deprivation of constitutional rights. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (citing Kostka v. Hogg, 560 F.2d 37, 40 (1st Cir. 1977)).  A plaintiff must demonstrate personal involvement by showing an affirmative link

CIVIL NO. 08-1311 (JP)           -8-

between the deprivation of a plaintiff's rights and the defendant's conduct.  See Aponte-Matos v. Toledo-Dávila, 135 F.3d 182, 192 (1st Cir. 1998).  "That affirmative link must amount to 'supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference.'"  Aponte-Matos, 135 F.3d at 192 (quoting Lipsett v. Univ. of P.R., 864 F.2d 881, 902 (1st Cir. 1998)).

Having found the existence of supervisory liability in the preceding section, the Court necessarily finds that Plaintiffs have met their burden of pleading personal involvement as to the Appearing Defendants.  Therefore, the Appearing Defendants' motion is denied on the grounds of supervisory liability and personal involvement pursuant to Section 1983.

### B.   Qualified Immunity

The Appearing Defendants argue that Plaintiffs' Section 1983 claims are barred by the doctrine of qualified immunity.  The doctrine of qualified immunity provides a safe harbor for public officials acting under the color of state law who would otherwise be liable under Section 1983 for infringing the constitutional rights of private parties.  See Anderson v. Creighton, 483 U.S. 635, 638 (1987).  Public officials are therefore entitled to qualified immunity unless the facts establish that their conduct violated a constitutional right that was "clearly established" at the time of the violation such that a reasonable officer would have known that

CIVIL NO. 08-1311 (JP)          -9-

the conduct at issue was unlawful.  <u>Santana v. Calderón</u>, 342 F.3d 18, 23 (1st Cir. 2003).

Again, this argument was raised by the Appearing Defendants in their earlier motion to dismiss, and was already considered and rejected by the Court (No. 62). The Court reiterates that Plaintiffs have alleged facts that, taken in the light most favorable to Plaintiffs, amount to a violation of a constitutional right. Second, Plaintiffs' claims come under clearly established rights, specifically their right under Section 1983 to recover for the excessive use of force by persons acting under color of state law. Finally, the allegations in the complaint indicate that reasonable officials in the Appearing Defendants' shoes would know their actions violated Plaintiffs' rights. Specifically, a reasonable official would have known that not intervening in a situation where a subordinate officer under his supervision was exercising excessive force in the official's presence would violate Plaintiffs' rights. Again, considering that no new information has come to light regarding the facts of case concerning the Appearing Defendants, the Court denies the Appearing Defendants' motion for judgment on the pleadings on qualified immunity grounds.

### C. **Puerto Rico Law Claims**

Plaintiffs filed supplemental claims pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code and the Constitution of the Commonwealth of Puerto Rico. Since Plaintiffs have federal claims

```
CIVIL NO. 08-1311 (JP)          -10-
```

still pending before the Court, the Court will retain jurisdiction over Plaintiffs' supplemental claims at this time.

## IV. CONCLUSION

In conclusion, the Court **DENIES** the Appearing Defendants' motion for judgment on the pleadings. The Court admonishes the Appearing Defendants for misusing the Court's time by filing a motion so similar to its prior motion to dismiss on grounds that were already rejected by the Court. The Court warns the parties in this case to refrain from excessive motions practice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of May, 2009.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE